**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 96-10935

---

NORMAN B. SKYDELL,
                    Plaintiff-Appellee-Cross-Appellant,


VERSUS


FULTS & FRANCIS, et al., Defendant

                    and

JAMES N. FRANCIS,
                    Defendant-Appellant-Cross-Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division

---

(CV-92-1770-P)

September 25, 1997

Before JOLLY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Plaintiff, Norman B. Skydell, asserted a claim based on subrogation against Defendant, James N. Francis. Summary judgment was granted in favor of the plaintiff. The district court concluded that Skydell was subrogated to Republic National Bank's ("Republic") rights in the <u>Ventura v. Western Life Insurance</u>

---

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Company</u> proceeds when he, as guarantor, paid the indebtedness owed by Stebbings & Skydell, P.C., ("S&S") the primary obligor, to Republic, the obligee. Under N.Y.U.C.C. §9-504(5), Skydell, a guarantor who became a subrogee, succeeded to and could assert, all of the rights accorded to Republic by virtue of its security interest in the S&S receivables. These rights included a claim against Francis, the account debtor, under N.Y.U.C.C. §9-502(1).

The district court further concluded Francis was personally liable to Skydell under two theories. The first theory focused on Francis's status as an assignee-in-fact or a successor to Adams & Francis, P.C.. The second imposed liability based on Francis, as a stakeholder, wrongfully paying out the proceeds of the <u>Western Life</u> lawsuit to Stebbings rather than Republic.

Francis appeals the district court's granting of summary judgment in favor of Skydell. Skydell cross-appeals the amount of the judgment arguing he is entitled to an award of attorney's fees. Francis asserts four principal arguments on appeal. He first maintains Skydell was a principal obligor rather than simply a guarantor. Next, Francis argues the notice requirements of N.Y.U.C.C. 9-318(3) were not satisfied. Finally, Francis asserts the prerequisites of equitable subrogation are not satisfied and that he should not be held personally liable.

We have carefully examined all of Francis's and Skydell's claims. They are without merit. We affirm substantially for the reasons stated by the district court in its memorandum opinion and

2

order dated July 1, 1996.  AFFIRMED.